IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY J. JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 2:21-cv-1723 |
| | ) | |
| v. | ) | |
| | ) | |
| ALBERICI CORPORATION D/B/A ALBERICI CONSTRUCTORS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**NOTICE OF REMOVAL**

Defendant Alberici Corporation d/b/a Alberici Constructors ("Alberici")[1], by and through its undersigned counsel, hereby gives notice, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, of the removal of the above-captioned action from the Court of Common Pleas of Beaver County, Pennsylvania to the United States District Court for the Western District of Pennsylvania. In support hereof, Alberici states the following:

**I.    REMOVAL IS TIMELY**

1. On or about October 26, 2021, Plaintiff Timothy James ("Plaintiff") commenced a civil action against Alberici by filing a Complaint in the Court of Common Pleas of Beaver County, Pennsylvania, at 11396-2021. A true and correct copy of the Complaint is attached as Exhibit 1.

2. Alberici first received a copy of the Complaint by mail on October 28, 2021.

---

[1] Plaintiff's Complaint improperly names "Alberici Corporation d/b/a Alberici Constructors" as Defendant. Alberici Constructors, Inc. is the legal entity that employed Plaintiff Timothy J. James.

3. Plaintiff's Complaint was the first pleading filed by Plaintiff and received by Defendant that set forth the claims for relief upon which Plaintiff brings this action against Alberici.

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after Alberici received a copy of the Complaint.

## II.     VENUE IS PROPER

5. The Court of Common Pleas for Beaver County, Pennsylvania is located within the United States District Court for the Western District of Pennsylvania, Pittsburgh Division. *See* 28 U.S.C. § 118(c).

6. Thus, venue is proper in this Court because it is the "district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III.    THIS COURT HAS ORIGINAL JURISDICTION OVER PLAINTIFF'S ACTION PURSUANT TO 28 U.S.C. § 1332(A)(1)

7. This Court has original jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1332(a)(1). As set forth in more detail below, the matter is between citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.[2]

    **A.     The Named Parties Are Citizens Of Different States.**

8. Plaintiff is a citizen of Alabama. (Compl., ¶ 1).

---

[2] This Court also has supplemental jurisdiction over the claims of the purported class members. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005) (Supplemental jurisdiction over the claims of the purported class members is appropriate so long as the named parties satisfy the requirements of 28 U.S.C. § 1332(a)(1)).

9. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…." 28 U.S.C. § 1332(c)(1).[3]

10. Alberici is a business entity incorporated in the state of Missouri with its headquarters and principal place of business in St. Louis, Missouri. (Compl., ¶ 2).

11. Thus, Alberici is a citizen of Missouri.

12. Therefore, complete diversity of citizenship between Plaintiff and Alberici exists

**B.  The Amount In Controversy Exceeds $75,000, Exclusive of Interest and Costs.**

13. Plaintiff seeks to recover damages for alleged violations of the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*, including unpaid overtime wages, prejudgment interest, litigation costs, expenses, attorneys' fees, and other relief that the Court deems just and proper. (*See* Compl., Prayer for Relief).

14. Plaintiff's Complaint does not state the monetary amount Plaintiff seeks in damages.

15. Where Plaintiff's Complaint is silent regarding the amount he seeks, the amount in controversy may be calculated based on a reasonable reading of the complaint. *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 401 (3d Cir. 2016) ("The court must measure the amount 'not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'") (quoting *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)).

---

[3] "'Principal place of business' under § 1332(c)(1) referred to where a corporation's officers directed, controlled, and coordinated the corporation's activities, a 'nerve center.' It would normally be a corporation's headquarters--provided it was not simply an office for board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 77 (2010).

16. Plaintiff indicated in the Complaint's Civil Cover Sheet that the amount in controversy is in excess of $25,000. (*See* Compl., Civil Cover Sheet)

17. Plaintiff alleges that he worked from August 2019 through March 2020. (Compl., ¶ 7). Indeed, Plaintiff's work records show he typically worked 7 days per week for approximately 32 workweeks. Plaintiff's base rate of pay was $47.25 and absent receiving other remuneration his overtime rate of pay was $70.88.

18. In the Complaint, Plaintiff also alleges that at the beginning of his shift he (and the purported class members) performed the following uncompensated activities:

> i. "waiting at an assigned parking lot for a shuttle bus,
> 
> ii. riding a shuttle bus from the parking lot to the Monaca facility,
> 
> iii. reporting to an assigned facility/lunch area,
> 
> iv. obtaining and donning personal protective equipment at the facility/lunch area, and
> 
> v. walking or riding a vehicle onsite from the facility/lunch area to the initial job assignment."

(Compl., ¶ 10).

19. Plaintiff also alleges that at the end of his shift he (and the purported class members) performed the following uncompensated activities: "waiting for and riding the shuttle bus to the assigned parking lot. Also, depending on the distance between the Hourly Employee's last job assignment and the assigned facility/lunch area, such activities can sometimes include walking from the last job assignment to the assigned facility/lunch area and doffing and storing personal protective equipment at the facility/lunch area." (Compl., ¶ 11).

20. Based on Plaintiff's factual averments regarding his uncompensated time, it is reasonable to presume Plaintiff's claims reflect uncompensated overtime hours of approximately 2 hours.[4] For example, one of the parking lots used by workers is approximately a 30-minute drive from the Monaca facility, without traffic. Thus, the commute from that parking lot to the Monaca facility before the start of Alberici's work shift and from the Monaca facility to that parking lot after his work shift reflects at least 1 hour of time.

21. It is also reasonable to conclude from the Complaint that the other tasks outlined in Paragraphs 10-11 of the Complaint (waiting time, donning and doffing, and additional commuting time at the facility between the lunch tent and the assigned work location) would, in the aggregate, amount to an additional one hour (30 minutes of time before and 30 minutes of time after each shift) of time. This is true even if each task only took a few minutes each to complete.

22. A reasonable reading of the Plaintiff's Complaint therefore demonstrates Plaintiff may be seeking 2 hours of unpaid time each workday, which at Plaintiff's overtime rate of pay and days worked results in approximately $27,000.00 in allegedly unpaid overtime compensation.[5]

23. In addition, attorneys' fees should be included in the amount in controversy for purposes of determining diversity jurisdiction when fees are allowed by statute. *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007).

24. The PMWA allows for the recovery of attorneys' fees. *Id* at § 333.113.

---

[4] Alberici does not admit the allegations in the Complaint are true. Alberici only assumes the allegations in Plaintiff's Complaint are true for purposes of analyzing whether this Court has original jurisdiction over this action based on diversity.
[5] Alberici does not admit the allegations in the Complaint are true. Alberici only assumes the allegations in Plaintiff's Complaint are true for purposes of analyzing whether this Court has original jurisdiction over this action based on diversity.

25.     Plaintiffs' attorneys' fees alone may also meet or exceed $75,000.[6]

26.     Plaintiff's co-counsel in the instant mater – Winebrake & Santillo – have petitioned courts to approve settlements in which they represent their hourly rates in wage and hour cases to be $400 - $670 per hour. *See* Exhibit 2 (12/22/20 Order entered by Judge Robert Mariani).

27.     Under these rates, the combination of Plaintiff's counsel at Winebrake & Santillo and Conboy Law would only need to collectively work approximately 64.6 to 108 hours in order to surpass fees of $48,000.[7] At between 112 to 187.5 hours, attorneys' fees alone exceed the $75,000 amount in controversy requirement.

28.     Plaintiff's co-counsel at Winebrake & Santillo have on numerous occasions represented to courts that they have expended more than 187 hours on litigating a wage and hour case through settlement. By way of several examples:

   i.   In 2016, Winebrake & Santillo represented that they, along with co-counsel, worked a total of 417.5 attorney hours on an FLSA and PMWA wage-and-hour lawsuit against the County of Montgomery. *See* Exhibit 3 (Plaintiffs' Brief in Support of Their Motion for Costs and Attorney's Fees).  At rates of $400 to $670 per hour, that represents a lodestar of between $167,000 to $279,725 in fees.

   ii.  In 2014, Winebrake & Santillo represented that they, along with co-counsel, worked a total of 344 attorney hours on an FLSA and PMWA wage-and-hour

---

[6] Alberici does not admit the allegations in the Complaint are true. Alberici only assumes the allegations in Plaintiff's Complaint are true for purposes of analyzing whether this Court has original jurisdiction over this action based on diversity.

[7] At a $400 rate, just over 120 hours results in fees and unpaid wages of $75,000. At a $670 rate, just over 71 hours results in an amount in controversy of $75,000.

        lawsuit against Fast Rig Support, LLC *See* Exhibit 4 (Plaintiffs' Brief in Support of Their Motion for Costs and Attorney's Fees). At rates of $400 to $670 per hour, that represents a lodestar of between $137,600 to $230,480 in fees.

    iii.    Plaintiff's co-counsel from Winebrake & Santillo represented to the court that they dedicated 331.7 hours of attorney time to the wage and hour lawsuit. They requested $104,357.50 in attorneys' fees that resulted in unpaid wages $17,400 for three plaintiffs. *See* Exhibit 5 (Winebrake & Santillo Motion for Award of Attorneys' fees and Costs in the *Gonzalez v. Bustleton Services, Inc.* matter). At rates of $400 to $670 per hour, that represents a lodestar of between $132,680 to $222,239 in fees.

    iv.    In 2014, attorneys from Winebrake & Santillo represented that they worked a total of 127.5 hours before settling a wage-and-hour lawsuit against Peak Energy Services USA, Inc. *See* Exhibit 6 (Declaration of R. Andrew Santillo, Esq in Support of Plaintiff's Unopposed Motion for Approval of Attorneys' Fees and Costs). At rates of $400 to $670 per hour, that represents a lodestar of between $51,000 to $85,425 in fees. Winebrake & Santillo's hours worked in that case *were in addition to* the hours worked by lead counsel for Plaintiffs at Berger and Montague, P.C., and Hardin & Hughes, LLP. Therefore, total fees in that case were higher than just the fees requested by Winebrake & Santillo.

29.    Indeed, complex wage and hour cases such as the instant matter can result in the award of attorneys' fees well in excess of $100,000 per pro-rated plaintiff. *See Mozingo v. Oil*

*States Energy Servs., L.L.C.*, No. 15-529, 2018 U.S. Dist. LEXIS 158780, at *39 (W.D. Pa. Sep. 18, 2018) (awarding $2,263,904.50 in attorneys' fees related to the successful trial claims of 8 plaintiffs, which pro-rated per plaintiff amounts to $282,988.06).

30. In light of Plaintiff's unpaid wages claim reflecting a potential recovery of approximately $27,000 and request for attorneys' fees, it is clear from the face of Plaintiff's Complaint that the amount in controversy exceeds $75,000.

31. Accordingly, the amount in controversy attributable to Plaintiff exceeds the sum or value of $75,000 and the requirements of 28 U.S.C. § 1332(a)(1) are satisfied.

### IV.  THIS COURT HAS ORIGINAL JURISDICTION OVER PLAINTIFF'S ACTION PURSUANT TO 28 U.S.C. § 1332(D)(2)(A)

32. Removal is also appropriate in this case because the Court also has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A).

#### A.  A Member Of The Purported Class Of Plaintiffs Is A Citizen Of A State Different From Alberici.

33. As outlined above, Plaintiff is a citizen of Alabama, while Alberici is a citizen of Missouri.

#### B.  The Purported Class's Amount In Controversy Exceeds $5,000,000.

34. Plaintiff seeks to represent all Alberici's "Hourly Employees" (defined in the Complaint as "individuals who are paid an hourly wage to perform work at the Monaca facility") during the last three years. (Compl., ¶¶ 6; 12).

35. Upon information and belief, Plaintiff's purported class is comprised of approximately 154 individuals.

36. Plaintiffs' Complaint does not assert the number of hours he and those he seeks to represent worked without compensation.

37.     If each member of the potential class Plaintiff seeks to recover the same amount of unpaid wages as the Plaintiff, the total back wages sought in this case alone would reach over $4,158,000.00.

38.     Together with attorneys' fees, the amount in controversy exceeds the sum or value of $5,000,000, and the requirements of 28 U.S.C. § 1332(d)(2)(A) are likewise satisfied.

**C.     Notice to Plaintiff and to State Court**

39.     True and correct copies of this Notice of Removal with accompanying exhibits and Notice of Removal directed to the State Court are being served upon Plaintiff's counsel and filed with the Clerk of the Court of Common Pleas of Beaver County, Pennsylvania, in accordance with the provisions of 28. U.S.C. § 1446(d).

WHEREFORE, Defendant Alberici respectfully requests that the instant action, currently pending in the Court of Common Pleas of Beaver County, Pennsylvania, at 11396-2021, be removed to this Court, that this Court accept jurisdiction, and that this action be henceforth placed on the docket of this Court for all further proceedings as though the same action had been originally instituted and commenced in this Court.

Respectfully submitted,

*/s/ Christian A. Angotti*
Joshua C. Vaughn
PA ID No. 203040
jvaughn@littler.com
Christian A. Angotti
PA ID No. 322881
cangotti@littler.com

LITTLER MENDELSON, P.C.
625 Liberty Avenue
26th Floor
Pittsburgh, PA 15222
PH: 412.201.7677 / 7623
FAX: 412.291.3366

                                                                        Attorneys for Defendant,
*Alberici Corporation d/b/a Alberici Constructors*

Dated: November 24, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2021, a true and correct copy of the foregoing Notice of Removal was served via email and first-class U.S. mail, postage prepaid, upon the following counsel of record:

>Timothy Conboy, Esq.
>Conboy Law, LLC
>733 Washington Road, Suite 201
>Pittsburgh, PA  15228
>tim@conboylaw.com
>
>Peter Winebrake
>R. Andrew Santillo
>Mark J. Gottesfeld
>Winebrake & Santillo, LLC
>715 Twining Road, Suite 211
>Dresher, PA 19205
>215.884.2491

By:   *Christian A. Angotti*