# Exhibit 1



733 Washington Road
Suite 201
Pittsburgh, PA 15228

Office: 412.343.9060
Toll Free: 833.343.9060
Fax: 412.343.9062
tim@ConboyLaw.com
mark@ConboyLaw.com
zach@ConboyLaw.com
www.ConboyLaw.com

laura@conboylaw.com
(412) 343-9060

October 26, 2021

Alberici Corporation / Alberici Constructors
8800 Page Avenue
Saint Louis, Mo 63114

**Re:    Timothy H. James v. Alberici Corporation dba Alberici Constructors**
**Beaver County Docket No. 11396 -2021**

To Whom It May Concern,

Please be advised that pursuant to Section 5323 Title 42 of the Pennsylvania Judicial Code, you are hereby being served and notified that Alberici Corporation dba Alberici Constructors is being sued in Court.

Enclosed is the Complaint that Timothy H. James commenced as filed on October 26, 2021, in the Court of Common Pleas, Civil Division, Beaver County Pennsylvania, Docket No. 11396-2021. Take Notice that an initial case management conference will be held before the Honorable Laura J. Tocci on January 31, 2022.

Please forward this legal document to your legal counsel.

Sincerely,
/s/ *Timothy Conboy*
Timothy Conboy, Esquire
PA ID No. 36495

TC/las
Enclosure- Complaint

*Sent via United State Postal Service Tracking 9410 8036 9930 0142 6916 18*

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY
CIVIL DIVISION

# INITIAL CASE MANAGEMENT CONFERENCE ORDER

CASE NO: 2021-11396

TIMOTHY H. JAMES
** VERSUS **
ALBERICI CORPORATION D/B/A ALBERICI CONSTRUCTORS

The above-captioned case is scheduled for an initial case management conference before Judge TOCCI, LAURA J. on January 31, 2022 at a time to be set by future Scheduling Order in Courtroom 2. The attorneys and/or *pro se* litigants must be prepared to advise the Court of their intentions with regard to discovery and pursuit of the case. The Court will set a schedule based upon the discussions at this conference. This conference will not be continued absent a motion for continuance, with good cause shown, presented in Civil Motions Court of this Court held as listed in the court calendar. **It shall be the responsibility of plaintiffs counsel to serve a copy of this Order to all counsel/parties. If this is an appeal from a Magistrate District Judge decision, it shall be the responsibility of the appellants counsel or the appellant to serve a copy of this Order to all counsel/parties.**

**It shall be the responsibility of all parties to complete and file with the Court the Civil Case Summary Form provided in the Local Rule of Civil Procedure 301A.**

BY THE COURT,

*James J. Ross*
10/26/2021                    J.

[FILED OR ISSUED 2021 OCT 26 AM 10:24 — MICHAEL ROSSI, PROTHONOTARY, BEAVER COUNTY, PA]

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet

BEAVER County

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**For Prothonotary Use Only:**

Docket No: 11396-2021

FILED OR ISSUED 2021 OCT 26 AM 10:24 MICHAEL... PROTHONOTARY BEAVER COUNTY, PA

## SECTION A

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking

| Lead Plaintiff's Name: TIMOTHY H. JAMES | Lead Defendant's Name: ALBERICI CORPORATION |
|---|---|

**Are money damages requested?** ☒ Yes  ☐ No

**Dollar Amount Requested:** (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☒ Yes  ☐ No

**Is this an *MDJ Appeal*?** ☐ Yes  ☒ No

Name of Plaintiff/Appellant's Attorney: TIMOTHY CONBOY, ESQUIRE  PA ID No. 36495

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☒ Other: CLASS ACTION

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☒ Other: wage and hour class action

*Updated 1/1/2011*

# FORM OF COVER SHEET FOR COMPLAINT

Court of Common Pleas of Beaver County
Civil Division
## Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| **PLAINTIFF'S NAME**<br>TIMOTHY H. JAMES | **DEFENDANT'S NAME**<br>ALBERICI CORPORATION d/b/a<br>ALBERICI CONSTRUCTORS |
| **PLAINTIFF'S ADDRESS**<br>C/o 733 WASHINGTON ROAD, SUITE 201<br>PITTSBURGH, PA 15228 | **DEFENDANT'S ADDRESS**<br>8800 PAGE AVE., ST. LOUIS, MO 63114 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

*[Filed stamp: MICHAEL POWER, PROTHONOTARY, BEAVER COUNTY, PA — 2021 OCT 25 AM 10:24 — FILED OR ISSUED]*

| TOTAL NO. OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION | |
|---|---|---|---|
| 1 | 1 | ☑ Complaint<br>☐ Writ of Summons | ☐ Notice of Appeal<br>☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | CASE TYPE | | |
|---|---|---|---|
| ☐ $25,000 or Less<br>☑ Over $25,000 | ☐ Motor Vehicle<br>☐ Medical Malpractice<br>☐ Other Professional Liability<br>☐ Product Liability<br>☑ Other  CLASS ACTION | ☐ Mortgage Foreclosure<br>☐ Ejectment<br>☐ Statutory Appeals<br>☐ Quiet Title | ☐ Partition<br>☐ Declaratory Judgment<br>☐ Replevin<br>☐ Asbestos<br>☐ Domestic Relations<br>  ☐ Divorce<br>  ☐ Custody |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: (or Pro Se Litigant)

Papers may be served at the address set forth below

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY (OR PRO SE LITIGANT) | | ADDRESS (SEE INSTRUCTIONS) | |
|---|---|---|---|
| Timothy Conboy, Esquire<br>PA ID No. 36495 | | 733 WASHINGTON ROAD, SUITE 201<br>PITTSBURGH, PA 15228 | |
| PHONE NUMBER<br>(412) 343-9060 | FAX NUMBER<br>(412) 343-9062 | EMAIL ADDRESS<br>tim@conboylaw.com  / laura@conboylaw.com | |
| SIGNATURE<br>*/s/ Timothy Conboy* | | SUPREME COURT IDENTIFICATION NO.<br>PA ID No. 36495 | DATE<br>10/21/2021 |

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PENNSYLVANIA

| | |
|---|---|
| TIMOTHY H. JAMES, | CIVIL ACTION – LAW |
| PLAINTIFF, | No. _____ |
| v. | |
| ALBERICI CORPORATION D/B/A ALBERICI CONSTRUCTORS, | COMPLAINT AND NOTICE TO DEFEND |
| DEFENDANT. | TORT – CLASS ACTION |

FILED ON BEHALF OF PLAINTIFF:
TIMOTHY H. JAMES

COUNSEL OF RECORD FOR THIS PARTY:
Timothy Conboy, Esquire
PA ID No. 36495
tim@conboylaw.com

ConboyLaw, LLC
733 Washington Road, Suite 201
Pittsburgh, PA 15228
(412) 343-9060

Peter Winebrake, PA ID No. 93041
R. Andrew Santillo, PA ID No. 93041
Mark J. Gottesfeld, PA ID No. 307752
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

JURY TRIAL DEMANDED

BEAVER COUNTY, PA
PROTHONOTARY
MICHAEL ROSSI
2021 OCT 26  AM 10:24
FILED OR ISSUED

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PENNSYLVANIA

| | |
|---|---|
| **TIMOTHY H. JAMES,** | **CIVIL ACTION – LAW** |
| **PLAINTIFF,** | No. _____ |
| v. | |
| **ALBERICI CORPORATION D/B/A ALBERICI CONSTRUCTORS,** | **TORT – CLASS ACTION** |
| **DEFENDANT,** | |

### NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE:**

**LAWYER REFERRAL SERVICE OF THE BEAVER COUNTY BAR ASSOCIATION**
**788 TURNPIKE STREET**
**BEAVER, PA 15009**
**(724) 728.4888**

**IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **TIMOTHY H. JAMES,** | **CIVIL ACTION – LAW** |
| **PLAINTIFF,** | **No. _____** |
| v. | |
| **ALBERICI CORPORATION D/B/A ALBERICI CONSTRUCTORS,** | **TORT – CLASS ACTION** |
| **DEFENDANT,** | |

## CLASS ACTION COMPLAINT

Timothy H. James ("Plaintiff") brings this class action lawsuit against Alberici Corporation d/b/a Alberici Constructors ("Defendant"), seeking all available relief under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§333.101, *et seq.* The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others:

## PARTIES

1. Timothy H. James is an adult individual residing at 533 Shoals Road, Coffeeville, AL 36524.

2. Alberici Corporation d/b/a Alberici Constructors is a corporation, incorporated and organized under the laws of the State of Missouri, with a principal place of business situated at 8800 Page Ave., St. Louis, MO 63114.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Defendant.

4. Venue in this Court is proper because, *inter alia*, the transactions giving rise to Plaintiff's PMWA claim arose in Beaver County, Pennsylvania.

## FACTS

5. Shell Polymers, a subsidiary of Shell Oil Company, is building "a more than 380-acre world-scale petrochemical facility in Monaca, PA" (hereafter "the Monaca facility"). *See* https://www.shell.us/business-customers/shell-polymers/why-we-chose-pennsylvania.html

6. Defendant is a company that employed individuals who are paid an hourly wage to perform work at the Monaca facility (hereafter "Hourly Employees").

7. Plaintiff is employed by Defendant as an Hourly Employee. Plaintiff actively worked at the Monaca facility on full-time basis from August 2019 to March 2020.

8. Hourly Employees typically worked over 40 hours per workweek.

9. Defendant, as a matter of policy, pays Plaintiff and other Hourly Employees based on the time that transpires between a scheduled start time and a scheduled end time, with a 30-minute meal break deduction. For example, when Plaintiff was employed on a full time basis, Plaintiff's scheduled start time was typically 7:00 a.m. and Plaintiff's scheduled end time was typically 5:30 p.m. Such a schedule would result in Plaintiff being paid for 10 hours (10.5 hours *minus* 30 minutes).

10. Plaintiff and other Hourly Employees are required to be at their initial job assignment within the Monaca facility at their scheduled start time. Thus, the compensation policy described in paragraph 9 results in Plaintiff and other Hourly Employees receiving no payroll credit for required work-related activities that arise before the scheduled start time. All Hourly Employees at the Monaca facility are assigned parking lots at various sites that require travel to the job site by shuttle bus. Parking at the assigned parking lot is required. At the parking lot, all Hourly Employees are required to swipe a security badge to enter the shuttle bus loading area. This time is recorded for security purposes (but not compensation purposes). Hourly Employees also swipe a security badge upon arrival at the job site. This time is recorded for security purposes, but does not trigger the start of paid time. Uncompensated required activities include, *inter alia*, waiting at an assigned parking lot for a shuttle bus, riding a shuttle bus from the parking lot to the Monaca facility, reporting to an assigned facility/lunch area, obtaining and donning personal protective equipment at the facility/lunch area, and walking or riding a vehicle onsite from the facility/lunch area to the initial job assignment. Until the Hourly Employees worker arrive at the job assignment location on site by their scheduled start time, no compensation is paid to the Hourly Employees.

11. The compensation policy described in paragraph 9 also results in Plaintiff and other Hourly Employees receiving no payroll credit for required, work-related activities that arise *after* the scheduled end-time. At the end of the work day, all Hourly Employees swipe their security badge to exit the facility prior to boarding buses. This swipe does not always correspond with the end of paid time. Such uncompensated activities generally include, *inter alia*, waiting for and riding the shuttle bus to the assigned parking lot. Also, depending on the distance between the Hourly Employee's last job assignment and the assigned facility/lunch area, such activities can

sometimes include walking from the last job assignment to the assigned facility/lunch area and doffing and storing personal protective equipment at the facility/lunch area.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action on behalf of the Plaintiff and all Hourly Employees during the past three years.

13. This action may be properly maintained as a class action pursuant to Pennsylvania Rules of Civil Procedure 1702, 1708, and 1709.

14. The class is so numerous that joinder of all individual members is impracticable, and members of the class are objectively ascertainable based on payroll data maintained or controlled by Defendant.

15. Defendant's conduct with respect to Plaintiff and the class raises questions of law or fact that are common to the entire class. In particular, Plaintiff challenges the legality under the PMWA of Defendant's company-wide timekeeping, compensation, and payroll practices. As such, the outcome of this lawsuit will be determined based on the application of common legal principles to a common set of facts.

16. Plaintiff's claims and Defendant's defenses are typical of the claims or defenses applicable to the entire class because, *inter alia*, all claims are based on the same legal theories and remedies. Furthermore, Plaintiff's interest in pursuing his PMWA claim is aligned with the interests of the class as a whole and, if successful, his claim will benefit the class as a whole.

17. Plaintiff will fairly and adequately assert and protect the interests of the class because, *inter alia*, (a) Plaintiff is represented by experienced class action counsel who are well-prepared to vigorously and competently litigate this action on behalf of the class; (b) Plaintiff and

Plaintiff's counsel are free of any conflicts of interest that prevent them from pursuing this action on behalf of the class; and (c) Plaintiff and Plaintiff's counsel have adequate financial resources to assure that the interests of the class will not be harmed.

18. A class action provides a fair and efficient method for adjudication of the controversy because, *inter alia*,

    (a) The previously mentioned common questions of law and fact predominate over any questions affecting Plaintiff or any individual class member;

    (b) All class members are easily identifiable through Defendant's records and computer files, and no foreseeable difficulties in the management of this action as a class action exists;

    (c) The monetary damages sought on behalf of the class are readily calculated and attributable to class members;

    (d) The injunctive relief sought on behalf of the class is easily administered and enforceable;

    (e) Maintenance of the instant litigation as a class action protects against the risks of inconsistent or varying adjudications that might result if individual class members were to commence independent actions in various courthouses throughout the Commonwealth;

    (f) Because Defendant has supplied workers to the Monaca facility, which is located in Beaver County, this Court is an appropriate forum for the litigation of the claims of the entire class;

    (g) The complexities of the issues and the expense of litigating the separate claims of individual class members weigh in favor of class certification. For example, in the instant action, Plaintiff will seek and present evidence

concerning, *inter alia*, Defendant's common timekeeping, compensation, and payroll practices. The gathering and presentation of such evidence in multiple proceedings would be inefficient, redundant, and unjustifiably expensive. The class action device, when compared to multiple proceedings, presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum promotes judicial economy and efficiency and promotes parity among the claims of individual class members as well as judicial consistency. Thus, the conduct of this action as a class action conserves the resources of the parties and the court system, protects the rights of each class member, and meets all due process requirements as to fairness to Defendant. Adequate notice of this class action can be provided to class members by hand distribution and/or direct mail; and,

(h)    Because the damages sustained by individual class members are relatively small compared to the resources of Defendant and the costs of individual litigation, it is impracticable and unrealistic for individual class members to independently pursue litigation against Defendant in order to vindicate their rights.

## COUNT I

19.    All previous paragraphs are incorporated as though fully set forth herein.

20.    Defendant is an employer covered by the PMWA's mandates.

21.    Plaintiff and other class members are employees entitled to the PMWA's protections.

22.    The PMWA entitles employees to compensation for "all hours worked" in a week. *See* 43 P.S. § 333.104(a). Such compensable time includes, *inter alia*, all "time during which an employee is required by the employer to be on the premises of the employer," *id.*, and must be paid "regardless of whether the employee is actually performing job-related duties while on the

premises," *Heimbach v. Amazon.com, Inc.*, 255 A.3d 191, 2021 WL 3059773, 2021 Pa. LEXIS 3047 (Pa. July 21, 2021).

23. The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. See 43 P.S. § 333.104(c).

24. Defendant has violated the PMWA by failing to pay Plaintiff and the class any compensation for required activities before their scheduled start time and required activities after their scheduled end time during weeks in which their paid hours equaled or exceeded 40 hours. 43 P.S. §331.104(c) (providing right to overtime premium pay). *See* 34 Pa. Code § 231.1(b) (defining "Hours worked" under PMWA). Plaintiff's claim is strictly limited to *statutory* relief available under the PMWA. As such, he only seeks to recover for work that, if credited by Defendant, would have qualified for overtime premium pay under the PMWA

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, seeks the following relief:

A. Unpaid overtime wages to the fullest extent permitted under the law;

B. Prejudgment interest to the fullest extent permitted under the law;

C. Litigation costs, expenses, and attorney's fees to the fullest extent permitted under the law; and

D.      Such other and further relief as this Court deems just and proper.

							Respectfully submitted,

							*/s/ Timothy Conboy*
							Timothy Conboy, Esquire
							PA ID No. 36495
							tim@conboylaw.com
							ConboyLaw, LLC
							733 Washington Road, Suite 201
							Pittsburgh, PA 15228
							(412) 343-9060

							Peter Winebrake, Esquire
							R. Andrew Santillo, Esquire
							Mark J. Gottesfeld, Esquire
							WINEBRAKE & SANTILLO, LLC
							715 Twinging Road, Suite 211
							Dresher, PA 19025

							*Counsel for Plaintiff and the Putative Class*

# IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PENNSYLVANIA

| | |
|---|---|
| TIMOTHY H. JAMES, | CIVIL ACTION – LAW |
| PLAINTIFF, | No. _____ |
| v. | |
| ALBERICI CORPORATION D/B/A ALBERICI CONSTRUCTORS, | TORT – CLASS ACTION |
| DEFENDANT. | |

## VERIFICATION

The undersigned Plaintiff, *Timothy James*, herein avers that the statements of fact contained in the foregoing **Plaintiff's Complaint and Notice to Defend** are true and correct to the best of his information, knowledge, and belief, and are made subject to the penalties to 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

10-20-2021
Date

*/s/ Timothy James*

# IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PENNSYLVANIA

| | |
|---|---|
| TIMOTHY H. JAMES, | CIVIL ACTION – LAW |
| PLAINTIFF, | No. _____ |
| v. | |
| ALBERICI CORPORATION D/B/A ALBERICI CONSTRUCTORS, | TORT – CLASS ACTION |
| DEFENDANT. | |

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: ConboyLaw, LLC
Signature: *(signed)*
Name: Timothy Conboy
Attorney No.: PA ID No. 36495