IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| TIMOTHY J. JAMES, | : | |
| Plaintiff, | : | No. 2:21-cv-01723-RJC |
| v. | : | |
| | : | |
| ALBERICI CONSTRUCTORS, INC., | : | |
| Defendant. | : | |
| | : | |

**PLAINTIFF'S UNOPPOSED MOTION FOR
"PRELIMINARY APPROVAL" OF THE CLASS
ACTION SETTLEMENT AND OTHER RELATED RELIEF**

As reflected in the accompanying Class Action Settlement Agreement ("Agreement"), *see* Doc. 32-1, Plaintiff Timothy J. James ("James") and Defendant Alberici Constructors, Inc. ("Alberici") have agreed to settle this lawsuit on behalf of a 153-member class of individuals who were employed by Alberici to work as hourly employees in any workweek from October 26, 2018 to March 24, 2020 at the petrochemical facility located in Monaca, PA. The proposed settlement requires Alberici to pay a total of $450,000.00. If the Court approves the requested $150,000.00 in attorney's fees/expenses and the requested $5,000.00 service award, then $295,000.00 will be paid to the 153 class members.

Under the December 1, 2018 amendments to Federal Rule of Civil Procedure ("Civil Rule") 23, the Court "must direct notice in a reasonable manner" to all class members covered by a proposed settlement if the parties demonstrate that, at the post-notice final approval stage, the Court "will likely be able to" (i) give final approval of the settlement under the criteria described in Civil Rule 23(e)(2) and (ii) certify the settlement class. *See* Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii). As discussed in the accompanying brief, notice of the instant settlement

should be issued to class members (*i.e.* the settlement should be "preliminarily approved") because both of these requirements are satisfied.

First, the Court "will likely be able to" give final approval to the settlement under Civil Rule 23(e)(2) because:

(A) [James] and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Second, the Court "will likely be able to" certify the settlement class because the putative settlement class satisfies Civil Rule 23(a)'s four requirements – numerosity, commonality, typicality, and adequacy of representation and Civil Rule 23(b)(3)'s two additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Moreover, the proposed notice form and protocols constitute "the best notice that is practicable" under the criteria described in Civil Rule 23(c)(2)(B).

Finally, the undersigned law firms are qualified to be appointed interim class counsel pursuant to Civil Rule 23(g)(3).

**WHEREFORE**, James respectfully asks the Court grant this motion and enter the accompanying proposed order.

2

Date:  July 11, 2023                                         Respectfully submitted,

<div style="margin-left: 40%;">

<u>/s/ R. Andrew Santillo</u>
Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025

Timothy Conboy
Conboy Law, LLC
733 Washington Road, Suite 201
Pittsburgh, PA  15228

*Proposed Class Counsel*

</div>

3