IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY J. JAMES, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:21-cv-01723-RJC |
| ALBERICI CONSTRUCTORS, INC. | ) |
| Defendant. | ) |

**ORDER GRANTING FINAL APPROVAL OF**
**RULE 23 CLASS ACTION SETTLEMENT**

**AND NOW**, this 10th day of April, 2024, upon consideration of Plaintiff's "Unopposed Motion for Final Approval of the Settlement, and Other Associated Relief" ("Motion") (Doc. 36), the accompanying "Class Action Settlement Agreement" ("Agreement") (Doc. 36-1), the accompanying Declaration of Misty McKinnon (Doc. 36-2), the accompanying Declaration of R. Andrew Santillo (Doc. 36-3), the accompanying Affidavit of Timothy Conboy (Doc. 36-4) the accompanying Memorandum of Law (Doc. 37), the representations and arguments of counsel during the April 10, 2024 fairness hearing, and all other papers and proceedings herein, it is hereby **ORDERED** that the Settlement Agreement is **APPROVED** and Motion is **GRANTED** as follows:

1.  The Court has jurisdiction over the claims asserted in the Civil Action and over the Parties to the Civil Action.

2.  The Court preliminarily approved the Agreement that is the subject of this Motion by order entered on November 21, 2023 (the "Preliminary Approval Order"). Doc. 35. A copy of the Agreement was attached as an exhibit to Plaintiff's Unopposed Motion for Preliminary Approval of the Class Action Settlement, and it is incorporated in this Final Approval Order by reference. The terms used in this Final Approval Order shall have the same meaning as they are

1

defined in the Agreement.

3.    The Court determines that notice was given as required by the Preliminary Approval Order. The Court finds that the Notice given of the proposed settlement was the best practical notice under the circumstances. The Notice provided fair and adequate notice of the terms of the Agreement, the Final Approval Hearing, and the Rule 23 Class members' right to exclude themselves from or to object to the settlement. The Court finds the Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

4.    Zero (0) Rule 23 Class members objected to the settlement and only one (1) – Patrick J. Devine – has excluded himself from the settlement.

5.    On April 10, 2024, the Court conducted a Final Approval Fairness Hearing to consider final approval of the Agreement and during which the opportunity to be heard was given to all persons requesting to be heard regarding the settlement in this case.

6.    The Court has considered all matters submitted to it at the Final Approval Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record. The record establishes that all of the criteria described in Civil Rule 23(e)(2) favor approval. The Court approves the Agreement, including its release of claims, and finds that it:

    a. reasonable compromises and resolves a bona fide disagreement regarding disputed claims between the Parties with regards to the merits of the claims of the Named Plaintiff and the Rule 23 Class;

    b. is fair, just, reasonable and adequate to, and in the best interest of, the Named Plaintiffs and the Rule 23 Class members;

    c. demonstrates a good faith intention by the Parties that these claims be fully and finally resolved, not subject to appellate review, and not re-litigated in whole or

in part at any point in the future; and

d. achieves a definite and certain result for the benefit of the Named Plaintiff and the Rule 23 Class members that is preferable to continuing litigation that would necessarily include substantial risk (including the risk of non-certification of a class and the risk of loss on the merits), uncertainty, delay, and cost.

7. The Parties' Agreement includes a redacted list of all Class members as Exhibit D.

8. The Court finds that the Settlement Payment Allocation set forth in the Agreement is approved as a fair, equitable, and as reflecting a reasonable allocation of the Maximum Gross Settlement Amount. Accordingly, the Agreement is hereby approved in accordance with Rule 23 of the Federal Rules of Civil Procedure, and it shall be administered in accordance with its terms.

9. The Court also finds that the proposed Rule 23 Class, as defined in the Agreement and for settlement purposes only, meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, the Court **CERTIFIES A SETTLEMENT CLASS** consisting of all Rule 23 Class members who did not timely and validly exclude themselves from the Settlement Class in compliance with the procedures described in the Agreement.

10. For purposes of settlement, the Court approves Named Plaintiff Timothy J. James, as the Class Representative of the Rule 23 Class.

11. For purposes of settlement, the Court **APPOINTS** the law firm of Winebrake & Santillo, LLC and Conboy Law, LLC to serve as Class Counsel for the Rule 23 Class. The record demonstrates that these firms are qualified to serve as class counsel under the criteria described in Civil Rule 23(g)(1)(A). After a full review of Plaintiff's Motion papers, the Court **APPROVES** the payment of:

    a. $150,000.00 to Class Counsel for their attorneys' fees, costs, and settlement administration expenses incurred in litigating this lawsuit, which amount is to be paid out of the Maximum Gross Settlement Amount. As evidenced by the Declaration of Misty McKinnon, the Declaration of R. Andrew Santillo and the Affidavit of Timothy Conboy, $12,946.24 of this amount will reimburse class counsel for litigation expenses (including settlement administration expenses). The remaining $137,053.76 will be paid to class counsel as attorney's fees. This fee payment – which amounts to approximately 30.5% of the total $450,000.00 settlement fund – falls below the percentage fee awards often approved in wage and hour class/collective action settlements.

    b. $5,000.00 to Named Plaintiff as a Service Award in recognition of his services as representative of the Rule 23 Class, which amount is to be paid out of the Maximum Gross Settlement Amount.

12.     This Order constitutes final approval of the Agreement. The Agreement is binding on the Parties and on all members of the Participating Settlement Class. By operation of the Agreement and this Final Approval Order, and except as to such rights or claims as may be created by the Agreement or those non-waivable by law, Named Plaintiff and Participating Settlement Class members hereby irrevocably and unconditionally forever and fully release Defendant and all Released Parties from all Released Claims as described in the Agreement. The Named Plaintiff and Rule 23 Class members are forever barred from bringing or presenting any action or proceeding against Defendant or any of the Released Parties that involve or assert any of the Released Claims as described in the Agreement. The Named Plaintiff and Rule 23 Class members are hereby enjoined from prosecuting any Released Claims as described in the Agreement against

any Defendant or Released Parties.

13. The Agreement shall be administered in accordance with its terms. Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

14. The Agreement reflects a compromise of disputed claims. The findings and rulings in this Final Approval Order are made for the purposes of settlement only. Nothing in the Agreement or this Final Approval Order, or in any ancillary documents, actions, statements, or filings made in furtherance of settlement, shall be deemed admissible or used as evidence of (or as an admission of) liability by Defendant or any of the Released Parties, of any fault or wrongdoing whatsoever, or as evidence that (or as an admission that) this or any other action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure, or for any purpose other than settlement.

15. This Final Approval Order and the Agreement are binding on all Participating Class members.

16. For good cause shown, this action is **DISMISSED IN ITS ENTIRETY, ON THE MERITS, AND WITH PREJUDICE** pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, without costs to any party except to the extent otherwise expressly provided in the Agreement.

So **ORDERED**:

_s/Robert J. Colville_
**Judge Robert J. Colville**
**UNITED STATES DISTRICT JUDGE**